# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| TAMERA METCALF,<br><br>        Plaintiff,<br><br>v.<br><br>PRUDENTIAL INSURANCE COMPANY OF AMERICA DISABILITY MANAGEMENT SERVICES,<br><br>        Defendant. | Case No.:  3:19-CV-293-DJH<br><br>Removed from<br>Jefferson Circuit Court<br>Division Twelve<br>Civil Action No. 19-CI-00823 |

## PRUDENTIAL'S NOTICE OF REMOVAL

Defendant, The Prudential Insurance Company of America ("Prudential") (incorrectly named "Prudential Insurance Company of America Disability Management Services"), pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, hereby files this Notice of Removal with respect to the above captioned case, which was filed and is currently pending in Jefferson Circuit Court, Division Twelve, Case No. 19-CI-00823. In support of this Notice of Removal, Prudential states the following:

### Timeliness And Background

1.    On June 14, 2018, Plaintiff Tamara Metcalf ("Metcalf") commenced a civil action against Prudential by filing a complaint in Jefferson Circuit Court, Division Twelve. The lawsuit is recorded on that court's docket as Case No. 19-CI-00823. There are no other parties named in Plaintiff's complaint.

2.    Prudential accepted service on March 28, 2019. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the summons and Plaintiff's complaint, which constitute "all summons, pleadings, and orders" served upon Prudential in the state court action, is attached

hereto as Exhibit A. Because Prudential has filed this Notice of Removal within thirty days of accepting service, this Notice of Removal is timely. *See* 28 U.S.C. § 1446(b).

### Federal Question Jurisdiction

3. In her Complaint, Plaintiff alleges a claim under §502(e) of the Employment Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1132(e), seeking long-term disability ("LTD") benefits allegedly due to her under an insurance plan offered by her former employer, Automatic Data Processing Inc. (the "plan"). (*See* Ex. A, Compl. ¶¶ 3-6, 20-22.)

4. ERISA provides an exclusive federal cause of action for participants or beneficiaries in an ERISA plan who bring actions related to the recovery of benefits under employee benefit plans. *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 62-63 (1987); *Rush Prudential HMO Inc. v. Moran*, 536 U.S. 355 (2002).

5. Accordingly, Plaintiff's Complaint, on its face, alleges a claim for benefits brought pursuant to ERISA, and thus alleges a claim under the laws of the United States within the meaning of 28 U.S.C. § 1331. For this reason, this action is removable to this Court pursuant to 28 U.S.C. § 1441(a).

6. Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

7. The Court thus has original jurisdiction over these claims pursuant to 28 U.S.C. § 1331, and removal is proper under 28 U.S.C. § 1441.

**Venue and Notice**

8.    Removal is appropriate "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 97(b), this Court embraces Jefferson County, the location of Jefferson Circuit Court, Division Seven, the place where the removed action had been pending. 28 U.S.C. § 1441(a). Accordingly, this Court is the appropriate venue for removal of this action. 28 U.S.C. § 1441(a).

9.    Prompt written notice of this Notice of Removal will be sent to Plaintiff through her counsel, and to the Clerk of Court for Jefferson Circuit Court, Division Seven, as required by 28 U.S.C. § 1446(d). A copy of this notice is attached hereto as Exhibit B.

10.    Should Plaintiff seek to remand this case to state court, Prudential respectfully asks that it be permitted to brief and argue the issue of this removal prior to any order remanding this case. In the event the Court decides that remand is proper, Prudential asks that the Court retain jurisdiction and allow Prudential to file a motion asking this Court to certify any remand order for interlocutory review by the Sixth Circuit Court of Appeals, pursuant to 28 U.S.C. § 1292(b).

WHEREFORE, Defendant, the Prudential Insurance Company of America, submits that this action properly is removable based on federal question jurisdiction and respectfully requests that the above-described action pending against it be removed to the United States District Court for the Western District of Kentucky. Prudential also requests all other relief, at law or in equity, to which it is justly entitled. .

**DATED: April 18, 2019**                    Respectfully submitted,

                    THE PRUDENTIAL INSURANCE
                    COMPANY OF AMERICA


                    By: */s/ Phillip L. Monhollen*
                         One of Its Attorneys

Phillip L. Monhollen
phillip.monhollen@qpwblaw.com
QUINTAIROS, PRIETO, WOOD
& BOYER, P.A.
9300 Shelbyville Road
Suite 400
Louisville, KY 40222
Telephone: (502) 423-6390
Facsimile: (502) 423-6391
E-mail: ppainter@qpwblaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I have caused a true and correct copy of the foregoing NOTICE OF REMOVAL to be served upon the following, using the Court's ECF filing system on this 18TH day of April 2019, and via First-Class U.S. mail upon the following:

>Robert A. Florio
>1500 Story Ave
>Louisville, KY 40206
>Co-Counsel for Plaintiff
>Telephone: 502-587-0228
>Facsimile: (502) 587-1433

>By: */s/ Phillip L. Monhollen*
>Attorney for Prudential