NO. **10CI04823**  JEFFERSON CIRCUIT COURT
DIVISION _____

TAMERA METCALF ) PLAINTIFF
)
v. )
) **COMPLAINT**
)
PRUDENTIAL INSURANCE COMPANY S/S )
OF AMERICA ) DEFENDANT
DISABILITY MANAGEMENT SERVICES )
PO BOX 13480 )
PHILADELPHIA PA 19176 )
)
)
SERVE: )
SECRETARY OF STATE )

\*\*\*        \*\*\*        \*\*\*

Comes the Plaintiff, TAMERA METCALF, by counsel, and for her cause of action against Defendant states as follows:

**PARTIES AND VENUE**

1. Plaintiff is a resident of Louisville, Jefferson County, Kentucky.

2. Defendant, Prudential Insurance Company of America, (hereinafter "carrier" or "Defendant" or " Prudential" ) is a corporation doing business in the Commonwealth of Kentucky.

3. This is an action brought by a participant to recover long term disability benefits ("LTD" respectively) due to her under the terms of an insurance plan governed by §502(e) of the Employment Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1132(e), which is more specifically, a contract for disability insurance and wage replacement benefits.

4. This Court has jurisdiction pursuant to §502(e) of the Employment Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1132(e).

**FACTS**

5. Plaintiff was a full-time employee of Automatic Data Processing ("employer") for a sufficient

time period so as to be eligible for wage replacement coverage under the terms of an insurance contract identified as claim number 17900/0001.

6. As a full time employee, Plaintiff was eligible for, and was participating in the short and long-term disability plan ("plan") offered by employer.
7. At all times relevant to this Complaint, the Plan was administered by Prudential and at all relevant times Prudential remained the so called "plan administrator".
8. By virtue of Plaintiff's medical impairments, and according to medical personnel, it is apparent that Plaintiff is permanently and totally disabled.
9. Plaintiff applied for Long Term Disability benefits ("LTD") and was granted same for a short period. After this short period the claim was re-reviewed and LTD was denied. Plaintiff appealed the LTD decision and was again denied. Said action on part of Plaintiff exhausts administrative remedies under the plan.
10. Prudential's in house medical review performed by the Defendant's "hired medical reviewer(s)", practitioner(s) of unknown qualifications, erroneously concluded that the Plaintiff was able to perform an occupation. The Defendant fails to offer a rational basis as to why it does not concur with a diagnosis of disability consistent with Plaintiff's treating physicians.
11. Prudential 's in-house reviewing staff erroneously concluded that the Plaintiff was capable of returning to work and to work full time, as she did before the onset of her disability. Prudential refused to consider all of the Plaintiff's medical ailments and combined effect on Plaintiff to terminate benefits. Said action is in violation of Sixth Circuit jurisprudence.
12. Prudential's refusal to consider Plaintiff's combination of medical impairments, and the effect each has on the other, is in error as this medical evidence constitutes the "substantial evidence" in the case. The Claimant is entitled to have the combination of all impairments considered under the Plan. The Defendant so callously ignored substantive medical proof that it cannot now enjoy the, so-called, arbitrary and capricious standard of review despite plan language to the contrary, and the medical history should be reviewed *de novo*.
13. Prudential is legally unable to deny Plaintiff's benefits based on even its own medical and vocational findings.
14. Any physician who has personally treated the Plaintiff has never questioned the permanency and totality of Plaintiff's disability.
15. Defendant Prudential's conclusions that Plaintiff is not totally disabled was arbitrary and capricious, based on faulty data, flies in the face of the longitudinal medical evidence from the treating sources, and was executed in violation of relevant provisions of the plan.

16. At all relevant times Prudential was acting under a conflict of interest as it was the entity which determined if the Plaintiff was disabled and the entity which is responsible for payment of LTD wage replacement benefits. Accordingly, the Plaintiff is entitled to discovery over and above that which is customarily permitted in cases litigated under the ERISA statute.
17. In accordance with the terms of the plan, the Plaintiff did apply for Social Security Disability benefits ("SSDI") from the Social Security Administration ("SSA").
18. Since Defendant mandated Plaintiff file for SDDI, Defendant cannot ignore the finding of SSA without adequate explanation in its decision and thusly in violation of sixth circuit jurisprudence. Whitaker v. Hartford Life and Accident Co. 404 F.3d 947 (6th Cir. 2005).
19. Due to Defendant's actions Plaintiff is entitled to discovery exceeding standard ERISA protocol.

## COUNT 1
## DENIAL IS IN VIOLATION OF ERISA STATUTE

20. Pursuant to the ERISA statute Plaintiff is entitled to long-term disability benefits under the Plan.
21. Defendant has wrongfully denied Plaintiff LTD benefits and has breached the constricts of the Plan under the dictates of the ERISA statute.
22. Defendant's decision to deny Plaintiffs benefits and their claim handling have been arbitrary and capricious and is not supported by substantial evidence, and is tantamount to a breach of contract, violating Plaintiff's expectations pursuant to the Prudential of the contract of insurance.

WHEREFORE the Plaintiff prays as follows:
1. For payment of disability benefits due to her, calculated from the date benefits were ceased until the present, with interest to the extent permitted by law;
2. For an Order compelling Defendant to continue all disability benefits from the present forward in time until such time as the of Defendant's contract of insurance permits a reinvestigation of Plaintiff's continued medical eligibility under the Plan;
3. For attorney's fees and expenses that Plaintiff has incurred for enforcing her contractual rights as well as her ERISA rights;
4. For any and all equitable relief Plaintiff is entitled to under common law contract theory, tort, or under ERISA, including Defendants' assistance in remedying any damage its termination of benefits has caused respecting Plaintiff's credit history;

5. For any and all relief to which Plaintiff may be entitled under any legal claim, whether it be pursuant to a contract claim, state based statutory claims, federal ERISA based claims, or other claims that may arise once discovery is complete.

Respectfully submitted,

_____
ROBERT A. FLORIO
1500 Story Ave
Louisville, KY 40206
Co-Counsel for Plaintiff
502-587-0228